# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY VILLANUEVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VOSHALL, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01586-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 9)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jeremy Villanueva ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 29, 2017.

On May 14, 2018, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 9.) On May 29, 2018, Plaintiff filed a response to the order to show cause. (ECF No. 10.)

///

///

1

**I.     Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

**II.     Discussion**

In the complaint, Plaintiff asserts two separate claims regarding the calculation of his time credits. With respect to both claims, Plaintiff checked the boxes on the form complaint

2

indicating that administrative remedies are available at his institution. (ECF No. 1, pp. 3–4.) However, Plaintiff also indicated that he did not appeal either request for relief to the highest level. Rather, Plaintiff states that emergency relief is needed, and he has started the process at the first level. (Id.)

Plaintiff's May 29, 2018 response includes a copy of the Court's order to show cause, copies of grievances Plaintiff apparently filed in connection with the allegations in this action, and copies of worksheets used to calculate the Earliest Possible Release Dates for inmates sentenced to serve a determinate term. (ECF No. 10.) Plaintiff includes no written explanation as to the significance of any of the documents.

Upon review of the documents included in Plaintiff's response to the order to show cause, it appears that Plaintiff received a response for Appeal Log # DVI-X-15-02840 in November 2015, denying his request at the First Level. (Id. at 5–6.) Plaintiff next received a response for Appeal Log Number CCI-0-17-03255 on December 12, 2017, cancelling his appeal at the First Level because the action or decision appealed was not within the jurisdiction of CDCR. (Id. at 8.) On December 28, 2017, Plaintiff received a response for Appeal Log Number CCI-0-17-03398, explaining that he appeared to be appealing the same issues set forth in CCI-0-17-03255. Plaintiff was advised to clarify how he believed the issues had changed from CCI-0-17-03255. (Id. at 10.)

Based on these documents, there is no indication that Plaintiff pursued any of these appeals beyond the First Level, nor has Plaintiff provided any explanation for his failure to do so. In addition, Plaintiff received the responses for CCI-0-17-03255 and CCI-0-17-03398 **after** the filing of the complaint in this action, and therefore could not have exhausted his administrative remedies with respect to those appeals prior to filing this action.

**III.    Order and Recommendation**

Accordingly, the order to show cause issued on May 14, 2018, (ECF No. 9), is HEREBY DISCHARGED and the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

///

3

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 1, 2018**            /s/ Barbara A. McAuliffe
                                                       UNITED STATES MAGISTRATE JUDGE